UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE MCCLAIN,

      Plaintiff,

v.                                  Case No. 18-10452
                                       Honorable Victoria A. Roberts

DEUTSCHE BANK NATIONAL
TRUST COMPANY, *et al.*,

      Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [ECF No. 4] AND DISMISSING THE COMPLAINT

## I.    INTRODUCTION

Plaintiff Maurice McClain ("McClain") filed this case in state court seeking to set aside the foreclosure sale of property located at 3950 Oak Pointe Court, Rochester Hills, Michigan (the "Property"). Defendants Deutsche Bank National Trust Company (the "Trustee") and Ocwen Loan Servicing, LLC ("Ocwen"; collectively "Defendants") removed the case from state court and filed a motion to dismiss, which is now before the Court.

For the reasons below, Defendants' motion to dismiss [ECF No. 4] is **GRANTED**. The Complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.    FACTS

On September 27, 2006, McClain obtained a $780,000 loan (the "Loan") from New Century Mortgage Company. As security for the Loan, McClain granted a mortgage

on the Property to Mortgage Electronic Registration Systems, Inc. (the "Mortgage").  The Mortgage was later assigned to the Trustee.  Ocwen services the Loan.

In 2016, Ocwen sent McClain a Notice of Default letter.  McClain complained to Ocwen that the default letter was improper and demanded a payoff quote.  Ocwen sent McClain a payoff quote on September 13, 2016, showing that the Loan was past due since June 2014, and indicating that the total amount to pay off the Loan was $942,059.87, which – in part – included: (i) the outstanding principal balance of $567,494.01; (ii) accrued interest of $27,145.32; (iii) escrow advances of $35,007.07; and (iv) a "Share Waive Adjustment" charge of $305,867.32 (the "Payoff Quote").

McClain did not pay off the loan, and Ocwen did not foreclose on the Property.  Instead, on September 25, 2016, McClain executed a Loan Modification Agreement (the "Loan Modification").  Under the Loan Modification the principal balance of the Loan was $940,608.91 as of October 1, 2016, and the annual interest rate was 2.00001 percent.

In March 2017, the Trustee initiated foreclosure proceedings pursuant to the power of sale contained in the Mortgage and Mich. Comp. Laws § 600.3201, *et seq.*  A Notice of Foreclosure was published for four consecutive weeks – on March 21, March 28, April 4 and April 11, 2017 – in the Oakland County Legal News and was posted in a conspicuous place at the Property on March 24, 2017.  The Notice of Foreclosure stated that the outstanding balance due on the Loan was $958,399.58.  The outstanding balance included unpaid interest and escrow advances in excess of $17,000.

On April 25, 2017, the Trustee purchased the Property at the foreclosure sale for $962,461.23.  The statutory redemption period expired on October 25, 2017, without McClain redeeming the Property.

On January 17, 2018, McClain filed his complaint in Oakland County Circuit Court. The complaint contains five counts: (i) violation of Michigan's foreclosure by advertisement statute; (ii) declaratory relief; (iii) injunctive relief; (iv) quiet title; and (v) exemplary damages.

Defendants timely removed the case to this Court. On February 14, 2018, Defendants moved to dismiss the complaint for failure to state a claim.

The Court entered an order requiring McClain to file a response to the motion or amend the complaint by March 8, 2018. The parties subsequently stipulated that McClain had until April 5, 2018 to respond or amend the complaint. After that date passed without McClain complying with the order, the Court emailed the attorneys asking the status of the case. McClain's counsel responded that he was out of town and "had the due date as the 12th [of April]." Despite his response, April 12th passed without any action from McClain. On April 23, 2018, with McClain still having not filed a response or an amended complaint, the Court entered an order stating that it would decide Defendants' motion to dismiss on its merits, without a response from McClain.

## III.  STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. Although the federal rules only require that that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *see* Rule 8(a)(2), the statement of the claim must be plausible. Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).  A claim is plausible where the facts allow the Court to infer that the defendant is liable for the misconduct alleged.  *Id.*  This requires more than "bare assertions of legal conclusions"; a plaintiff must provide the "grounds" of his or her "entitlement to relief."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).  In deciding a motion under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pled factual allegations.  *Id.*  The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## IV.     DISCUSSION

Defendants say the complaint should be dismissed in its entirety because McClain fails to plead a plausible claim for relief.  The Court agrees.

### A.     McClain's "Violation of Michigan's Foreclosure by Advertisement Statute" Claim

Statutory law governs non-judicial foreclosures, or foreclosures by advertisement, in Michigan.  *See Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013); Mich. Comp. Laws § 600.3201, *et seq.*  Under Michigan law, a mortgagor has six months after the date of the sheriff's sale to redeem the property.  *Id.*; Mich. Comp. Laws § 600.3240(8).  Once the statutory redemption period expires, the purchaser of the sheriff's deed is vested with all right, title, and interest in the property, and "the mortgagor's 'right, title, and interest in and to the property' are extinguished." *Id.* (quoting *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187 (1942)); Mich.

4

Comp. Laws § 600.3236. "Therefore, once the redemption period lapses, a former property owner may not assert any claims with respect to the property . . . [and courts] 'can only entertain the setting aside of a foreclosure sale where the mortgagor has made 'a clear showing of fraud, or irregularity.'" *Fed. Home Loan Mortg. Corp. v. Gaines*, 589 Fed. Appx. 314, 317 (6th Cir. 2014) (quoting *Conlin*, 714 F.3d at 359). This is a "high standard," and "not just any type of fraud will suffice. Rather, the misconduct must relate to the foreclosure procedure itself." *Conlin*, 714 F.3d at 360 (citation and internal quotation marks omitted).

In support of his claim that the foreclosure sale violated Michigan statutory law, McClain alleges: (1) Ocwen improperly sent the Notice of Default letter in 2016; (2) the Share Waive Adjustment charge in the Payoff Quote was illegal and rendered satisfying the Loan impossible; (3) "At the time of the foreclosure, [he] was not in default"; and (4) "At no time did Ocwen inform [him] the property was ever foreclosed." [*See* ECF No. 1-2, PgID 12-13].

Because McClain allowed the statutory redemption period to expire without redeeming the Property, his rights in and title to the Property were extinguished, and he cannot challenge the foreclosure sale unless he makes "a clear showing of fraud[] or irregularity . . . relate[d] to the foreclosure procedure itself." *See Conlin*, 714 F.3d at 359; *Gaines*, 589 Fed. Appx. at 317. McClain fails to make such a showing.

The Notice of Default letter and the Payoff Quote do not relate to the foreclosure process. Ocwen sent the 2016 default letter and the Payoff Quote to McClain before he agreed to the Loan Modification. Defendants did not foreclose on the Property until over six months after the Loan Modification was executed. Because the allegations

5

regarding the default letter and Payoff Quote have nothing to do with the foreclosure procedure, McClain cannot rely on them as a basis to set aside the foreclosure sale. *See Conlin*, 714 F.3d at 359.

McClain's allegations that he was not in default at the time of the foreclosure sale, and that Ocwen did not inform him that the Property was foreclosed, relate to the foreclosure procedures. However, as Defendants argue, they are insufficient to demonstrate a defect in the proceedings that warrants setting aside the foreclosure sale.

McClain's allegation that he "was not in default" and he was not notified of the foreclosure are bare legal conclusions that the Court need not accept as true. *See Knight v. Wells Fargo*, No. 12-12129, 2013 WL 396142, at *8 (E.D. Mich. Jan. 8, 2013) ("Knight cannot avoid dismissal by alleging in her proposed amended complaint that she 'was not in default. . .' That is a legal conclusion that the court need not accept as true.") (citing *Iqbal*, 556 U.S. at 678). McClain fails to plead any facts to support these allegations. He does not allege that he made all payments required by the Loan Modification or otherwise allege facts showing that he was current on the Loan payments. Without support, McClain's allegation that he was not in default amounts to "nothing more than the legal conclusion that the defendants conducted a wrongful foreclosure." *See Correa v. Rubin Lublin TN, PLLC*, No. 15-6364, 2016 WL 9402993, at *2 (6th Cir. July 13, 2016) (affirming the district court's dismissal of the complaint where the plaintiff "offered no facts or allegations to support her conclusory and self-serving assertion that she was not in default"). *See also Alshaibani v. Litton Loan Servicing, LP*, 528 Fed. Appx. 462, 465 (6th Cir. 2013) ("Plaintiffs' factually unadorned allegation that

[defendant] misapplied their payments does no more to render their claim plausible than would a simple legal conclusion that [defendant] breached the mortgage.").

McClain similarly fails to allege any facts in support of his conclusory statement that Ocwen never informed him that the Property was foreclosed. As Defendants say, the Sheriff's Deed and the affidavits attached thereto demonstrate that proper notice – actual or constructive – was given by publication in a county newspaper and by posting in a conspicuous place at the Property. *See* Mich. Comp. Laws § 600.3264 (affidavits constitute "presumptive evidence of the facts therein contained"); § 600.3208 (setting forth requirements for notice of foreclosure); *Prentice v. Bank of New York Tr. Co.*, No. 283789, 2009 WL 1139332, at *3 (Mich. Ct. App. Apr. 28, 2009) ("A bare denial of service is all plaintiff alleges here, which is particularly unavailing given that the notice required by statute need only be constructive, not actual.").

Because McClain does not support his claims that he was not in default and that Ocwen never informed him of the foreclosure, the Court does not accept these allegations as true. *See Iqbal*, 556 U.S. at 678; *Knight*, 2013 WL 396142, at *8. Without these allegations, McClain's violation of Michigan's foreclosure by advertisement statute claim is unsupported and fails as a matter of law.

## B.    McClain's Remaining Claims

McClain's remaining counts in the complaint are claims for declaratory relief, injunctive relief, quiet title, and exemplary damages. Respectively, in counts two through five of the complaint, McClain seeks: (i) the Court "to declare the legal rights and obligations of the parties as they relate to the property"; (ii) a temporary restraining order and permanent injunction prohibiting Defendants from evicting him from the

Property; (iii) an order that the foreclosure sale was invalid and that his rights in the Property are superior to Defendants; and (iv) compensatory and exemplary damages.

Because each of these claims is a form of relief, not an independent cause of action, and because the complaint fails to state a plausible underlying cause of action in support of these claims, McClain is not entitled to any of the relief sought, and these claims must be dismissed.

The Declaratory Judgment Act, 28 U.S.C. § 2201, "does not create an independent cause of action." *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007). "Because a declaratory judgment action is a procedural device used to vindicate substantive rights," a claim for "declaratory relief is barred to the same extent that the claim for substantive relief on which it is based would be barred." *Int'l Ass'n of Machinists & Aerospace Workers v. Tenn. Valley Auth.*, 108 F.3d 658, 668 (6th Cir. 1997) (citation and quotation marks omitted). Therefore, McClain is only entitled to declaratory relief if he alleges a plausible direct/substantive claim. *See id.*

The same is true for McClain's requests for injunctive relief and exemplary damages. *See Tann v. Chase Home Fin., LLC*, No. 10-14696, 2011 WL 3799841, at *9 (E.D. Mich. Aug. 26, 2011) ("a request for exemplary damages is not a stand alone cause of action. Therefore without a substantive underlying cause of action for a willful or malicious tort, a plaintiff is not entitled to exemplary damages"); *id.* at *10 ("As with the claim for exemplary damages, under Michigan law, the plaintiff's request for a temporary restraining order, preliminary injunction, and permanent injunction to stay foreclosure by advertisement must be denied because a plaintiff cannot seek an

injunction as a stand-alone cause of action; it is only available as an equitably remedy.").

"A quiet-title claim requires the plaintiff to show facts establishing the superiority of the plaintiff's claim." *Mandingo v. PNC Bank, Nat'l Ass'n*, 719 Fed. Appx. 477, 481 (6th Cir. 2017) (citation and internal quotation marks omitted).

McClain fails to allege sufficient facts to demonstrate an entitlement to relief under any of the above claims.

In addition to the allegations supporting count one in the complaint, McClain supports these four claims with the following allegations: (1) Defendants are precluded from collecting on the Loan because the Loan Modification increased the interest rate to 53%, in violation of Mich. Comp. Laws § 438.41 – a criminal statute; and (2) the Trustee's claim to the property is invalid and inferior to his, because the interest rate is usurious and unenforceable, Defendants did not provide him calculations regarding the Loan Modification, and "the foreclosure action was brought under fraudulent misrepresentations."

These allegations fail to satisfy the basic pleading requirements set forth in *Twombly* and *Iqbal*. Rather than providing the grounds for his entitlement to relief, as required, the complaint consists merely of "naked assertions" and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," which amount to nothing more than bare legal conclusions and are insufficient to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678.

Moreover, other than his allegation that the foreclosure action was brought under fraudulent misrepresentations – which is wholly conclusory and not taken as true – none

of McClain's other allegations (i.e., his claims regarding the interest rate and the Loan Modification) relate to the foreclosure procedure. Therefore, McClain cannot rely on those allegations to challenge the foreclosure sale or as a basis to establish his rights in the Property. *See Conlin*, 714 F.3d at 359-60. Furthermore, as discussed above, because McClain failed to timely redeem the Property, his rights in the Property extinguished and passed to the Trustee, the purchaser at the foreclosure sale.

McClain fails to allege a clear showing of fraud or defect related to the foreclosure procedure. Therefore, McClain fails to allege a plausible claim for relief, and the Court cannot entertain setting aside the foreclosure sale. *Id.*

With no underlying substantive claim supporting McClain's requests for relief, Counts two through five in the complaint fail as a matter of law.

## V.     CONCLUSION

The Court **GRANTS** Defendants' motion to dismiss [ECF No. 4] and **DISMISSES** the complaint **WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  June 4, 2018